# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | | |
|---|---|---|
| SECURITIES INDUSTRY AND | ) | |
| FINANCIAL MARKETS ASSOCIATION, | ) | |
| | ) | |
| **Plaintiff**, | ) | **Case No: 2:23-CV-4154-SRB** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **JOHN R. ASHCROFT**, in his official | ) | **ORAL ARGUMENT REQUESTED** |
| capacity as Secretary of State of Missouri, and | ) | |
| **DOUGLAS M. JACOBY,** in his official | ) | |
| capacity as Missouri Securities Commissioner, | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), Defendants, Missouri Secretary of State John R. Ashcroft and Missouri Securities Commissioner Douglas M. Jacoby, move to dismiss the Complaint of Plaintiff Securities Industry Financial Markets Association ("SIFMA"), [Doc. 1, filed August 10, 2023].

As more fully set forth in Defendants' accompanying Suggestions in Support ("Suggestions"), Plaintiff's Complaint must be dismissed for the following reasons:

1. Plaintiff lacks associational standing to challenge Defendants' Investment Advisor Rule ("IA Rule") and Broker-Dealer Rule ("B-D Rule") under Rule 12(b)(1), and therefore this Court lacks subject matter jurisdiction. *See* Suggestions, Point II.

2. Plaintiff fails to allege its preemption claims are actionable under §1983, in that the statutes allegedly giving rise to preemption are not alleged to confer, and do not confer, a federal right upon SIFMA or its members. *See* Suggestions, Point III.

3. The National Securities Markets Improvement Act of 1996 ("NSMIA") does not preempt either Rule, in that (a) NSMIA does not extend preemption to the persons governed by the IA Rule, and NSMIA preempts state regulation only in specific areas, and not in the area of investor protection covered by the IA Rule; and (b) NSMIA does not preempt the B-D Rule because the B-D Rule merely requires a disclosure of and consent to investment objectives, and therefore does not require either the creation or maintenance of additional records, or content in a record that adds to or differs from any content requirements in federal law. *See* Suggestions, Points IV.A and B.

4. The Rules are not preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), in that ERISA expressly disclaims preemption of state securities laws, and even without this, preemption is improper under controlling Eighth Circuit authority. *See* Suggestions, Point V.

5. The Rules do not violate the First Amendment, in that they merely require disclosures that are commercial speech, are factual, and are not controversial, and otherwise survive either rational basis or intermediate scrutiny. *See* Suggestions, Point VI.

6. The Rules are sufficiently clear for SIFMA members to comply, and are therefore not unconstitutionally vague under the Fourteenth Amendment. *See* Suggestions, Point VII.

WHEREFORE, for the foregoing reasons and those set forth in their accompanying Suggestions in Support, Defendants respectfully move for the dismissal with prejudice of Plaintiff's Complaint, and for any other appropriate relief.

Respectfully submitted this 2nd day of October, 2023.

GRAVES GARRETT LLC

*/s/ Edward D. Greim*
Edward D. Greim
Missouri Bar No. 54034
James M. Humphrey
Missouri Bar No. 50200
Matthew R. Mueller
Missouri Bar No. 70263
GRAVES GARRETT LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Tel.: (816) 256-3181
Fax: (816) 222-0534
edgreim@gravesgarrett.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on October 2, 2023, I filed and served the foregoing on counsel of record for all parties via the CM/ECF system.

*/s/ Edward D. Greim*
Edward D. Greim
Counsel for Defendants